IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. H-93-210-5 |
| | § | |
| CLAUDE CLEAVEN MERRITT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The defendant, Claude Merritt, filed a motion asking this court to clarify whether there is interest charged on the $10,000 fine imposed in the judgment entered in November 1994. The judgment specifically required interest unless the fine was paid in full within two weeks. The BOP's calculations including interest are appropriate.

Merritt also asks this court to waive past and future interest based on the finding in 1994 that he did not have the ability to pay a fine within the Sentencing Guideline range and the $10,000 fine was a departure below the Guideline range. Merritt has not presented a proper basis for the relief he seeks. Section 3573 of Title 18 governs a petition for modification or remission of a fine filed by the United States – not a defendant – and is inapplicable. Rule 35(a) of the Federal Rules of Civil Procedure, which allows the district court to correct a sentence for clear error within seven days after sentencing, is also inapplicable. Finally, 18 U.S.C. § 3742 governs appeals of sentences imposed by the district court. Defendant unsuccessfully appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, and failed to raise any issue concerning his fine in his appeal.

The only form of collateral relief that might be available is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of the sentence. *See Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir.2002); *United States v. Childs,* 126 F. Appx. 96 (4th Cir.2005) (unpublished) (challenge to implementation of criminal fine does not seek release from custody and is properly brought under 28 U .S.C. § 2241, not 28 U.S.C. § 2255); *see also Blaik v. United States,* 161 F.3d 1341, 1342-43 (11th Cir.1998)(collecting cases holding that a § 2255 motion may not be used for challenging fines or restitution orders). Merritt is presently confined at the United States Penitentiary in Beaumont, Texas. This court would not have jurisdiction over his section 2241 petition. Any such petition would have to be filed in the United States District Court for the Eastern District of Texas, Beaumont Division. *See* 28 U.S.C. § 2241.

The motion for clarification is denied.

SIGNED on May 15, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge